UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANEA MORRIS,

                      Plaintiff,

           -vs-                **No. 1:15-cv-00673-MAT**
                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                      Defendant.

## I.  Introduction

Represented by counsel, Shanea Morris ("Plaintiff") commenced this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").

## II. Procedural History

On November 3, 2011, Plaintiff protectively filed for DIB, alleging disability beginning April 11, 2011. The claim was initially denied on March 26, 2013, and again by an administrative law judge ("ALJ") on September 28, 2012, after a hearing. The Appeals Council declined review, and Plaintiff instituted a civil action in this Court. *Morris v. Colvin*, No. 14-cv-223-RJA (W.D.N.Y. 2014). The parties stipulated to a remand, the Court (Arcara, D.J.) approved on October 30, 2014. Judgment was entered the following

day, and Plaintiff's claim was remanded for further administrative proceedings.

On remand, the Appeals Council vacated the first ALJ's decision and remanded the matter for further consideration and development of the record. On November 23, 2015, a second hearing was by a different ALJ. An independent vocational expert and an independent medical expert both testified via telephone. On October 11, 2016, the ALJ issued an unfavorable decision. Plaintiff commenced this action on December 5, 2016. On June 15, 2018, this Court entered a decision and order reversing the Commissioner's decision and remanding the matter solely for the calculation of benefits. The Social Security Administration ("SSA") issued a notice of award indicating that Plaintiff was entitled to $72,946.00 in past due benefits, 25 percent of which was withheld ($18,236.50) in anticipation of payment of an attorney's fee. Plaintiff's counsel applied for and was awarded $5,700.00 in attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in connection with services performed in the 2014 federal action. Plaintiff's attorney ("Counsel") applied for and received $7,200.00 in EAJA fees in this action, for a total of $12,900.00 in EAJA fees.

In the pending Section 406(b) motion, Counsel seeks judicial approval of an attorney's fee award in the sum of $18,236.50, with a directive that upon receipt of those funds, Counsel will refund to Plaintiff the sum of $12,900.00, the amount he received in EAJA

fees. The Commissioner filed a response indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests that the Court conduct an independent reasonableness review, as required by law. For the reasons discussed below, Plaintiff's Section 406(b) Motion is granted.

**III. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and *Gisbrecht*, *supra*.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered

the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

**IV. Discussion**

As an initial matter, the Court notes that Counsel's request of $18,236.50 represents 25 percent of the past due benefits awarded to Plaintiff. It therefore does not exceed the statutory cap. It furthermore is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing in this Court secured a reversal and remand solely for the calculation and payment of benefits. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the

proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). In his supporting declaration, Counsel states 67.7 hours of attorney time were expended in this matter. Dividing the Section 406(b)(1) fee requested ($18,236.50) by the total hours expended (67.7) yields an effective hourly rate of $269.37. The Court agrees with the Commissioner that such a rate is clearly reasonable.

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. *See* 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owed, but also ongoing benefits until he dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits

attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). The Court agrees that the value of this case to Plaintiff is considerably greater than past-due benefits received.

Counsel, on the other hand, assumed a substantial risk of loss in taking Plaintiff's case, given that his benefits claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, *Gisbrecht*, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, *id.* at 805.

After considering all of the relevant factors, the Court concludes that Counsel's requested fee is reasonable, and the Commissioner does not disagree.

**V. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion in its entirety and awards attorney's fees in the amount of $18,236.50. The Court directs the Commissioner to release the funds withheld from Plaintiff's benefits award. Upon receipt of the fee award, Plaintiff's counsel shall refund to Plaintiff the $12,900.00 in EAJA fees previously awarded.

**SO ORDERED.**

          **s/ Michael A. Telesca**

          HONORABLE MICHAEL A. TELESCA
          United States District Judge

DATED:    January 17, 2019
           Rochester, New York